(83 South. 584)

No. 23208.

SMITH v. WHITE et al.

(Jan. 5, 1920.)

*(Syllabus by Editorial Staff.)*

1. MASTER AND SERVANT ⬢⇒412—EXCEPTION OF NO CAUSE OF ACTION FIRST FILED ON APPEAL UNAVAILING IF CAUSE MADE OUT BY EVIDENCE.

Exception of no cause of action, because plaintiff in workmen's compensation action did not allege the accident was purely and wholly accidental, not having been filed in limine, and followed by proper objection to evidence, but first filed on appeal, is unavailing if a case was made out by the evidence.

2. MASTER AND SERVANT ⬢⇒405 (1)—WORKMEN'S COMPENSATION ACT; FINDING OF UNINTENTIONAL INJURY SUPPORTED BY EVIDENCE.

Evidence *held* to support finding that the cutting off by a circular saw of the fingers of plaintiff in workmen's compensation action was not intentional, to evade military service.

3. MASTER AND SERVANT ⬢⇒405 (4)—WORKMEN'S COMPENSATION ACT; INJURY IN EMPLOYMENT SHOWN.

Evidence *held* to show that injury of plaintiff in workmen's compensation action while replacing a cable by which was moved a cut-off saw, behind which he worked, was inflicted while in the employ of defendants and under such circumstances as to render them liable.

4. MASTER AND SERVANT ⬢⇒356—CONTRIBUTORY NEGLIGENCE ELIMINATED BY WORKMEN'S COMPENSATION ACT.

Workmen's Compensation Act eliminates the defense of contributory negligence.

5. MASTER AND SERVANT ⬢⇒398—NOTICE ADEQUATE TO MEET REQUIREMENTS OF WORKMEN'S COMPENSATION ACT.

The employers, one of whom saw the injured employé a few minutes after the accident, having known practically from the time of the accident the extent and circumstances of the injury, absence of notification in the manner provided by the statute will not prevent recovery.

6. MASTER AND SERVANT ⬢⇒385 (12)—LABORER'S LOSS OF FINGERS NOT PERMANENT TOTAL DISABILITY UNDER WORKMEN'S COMPENSATION ACT.

Act No. 243 of 1916 fixing the compensation for loss of a hand at half wages for 150 weeks, recovery cannot be had as for permanent total disability on the theory that the workman, who lost all the fingers of a hand, being uneducated and dependent on manual labor, is totally incapacitated to do work of that character.

Appeal from Thirtieth Judicial District Court, Parish of Caldwell; Francis E. Jones, Judge.

Suit by T. K. Smith against W. R. and W. L. White. Judgment for plaintiff, and defendants appeal. Affirmed.

Thornhill & Thornhill, of Columbia, for appellants.

George Wear, Jr., of Jena, and White, Holloman & White, of Alexandria, for appellee.

DAWKINS, J. The plaintiff brings this suit under the statute known as the Employers' Liability Act (Act No. 20 of 1914) of this state for the loss of all the fingers and thumb of the left hand. He alleges that, being uneducated and dependent upon manual labor for a living, he has been totally and permanently disabled by the injury, and sues for one-half of his alleged weekly wages for the maximum period under the law of 400 weeks.

The answer admits the injury, but denies that it was received while in the discharge of the duties for which plaintiff was employed. Defendant further avers that plaintiff deliberately and intentionally mutilated his hand in order to evade service with the military forces of the United States; that in the alternative, if he is entitled to recover anything, it should only be for one-half his weekly wages for 150 weeks; and that, having failed to give defendants notice of the injury within six months, the same is now barred under the provisions of the statute.

On these issues the case was tried and laid over for argument. Three days later the defendants filed a motion to reopen on the ground that they had discovered some new evidence. This motion was subsequently amended, and the case was reopened, additional testimony taken, and finally resulted in judgment for plaintiff for $5.25 per week for a period of 150 weeks, and in the sum of $60 additional for medical expenses.

Defendants have appealed, and plaintiff has answered praying that the judgment be amended so as to allow him compensation for the full 400 weeks as in case of permanent total disability.

Defendants have also filed in this court an exception of no cause of action.

## Opinion.

[1] Exception of no cause of action.

This exception is based upon the contention that plaintiff has not alleged that the injury was "purely and wholly accidental." Since it was not filed in limine in the court below and followed by proper objections to testimony, we are therefore compelled to look to the record to see if the petition has been amended or the pleading enlarged by the proof introduced, and this involves a decision on the merits; for, if a case has been made out by the evidence, the exception cannot be maintained.

## On the Merits.

[2] As to the contention that plaintiff's injury was self-inflicted to evade military service, there is some evidence in the record to the effect that he had made remarks indicating a purpose to pursue such a course; but, upon weighing it in connection with all the other proof and circumstances, the lower court apparently reached the conclusion that this defense was not sustained. After a careful consideration, we are not disposed to disagree with him. In our view it would require very strong proof to establish that one who had nerve enough to place his hand against a circular saw and have all the fingers cut off would not be willing to take his chances in the military service.

[3, 4] It is also contended that plaintiff was not engaged in the discharge of any duty, imposed by his employment, when injured. However, the record shows (according to the testimony of one of the defendants) that "his place of duty was to attend to the lumber behind the edger and operate the cut-off saw when needed." It was by this cut-off saw that he was injured. The saw was supported on a shaft which was moved up or forward to bring it in contact with the lumber on the rollers, by means of a pedal worked with the feet, and when released it was swung back in place by a heavy weight attached by a cable running through a pulley to the shaft. At the time of the injury, the cable had gotten out of the pulley as it seems to have done on prior occasions, and the plaintiff had gotten over the roller bed and down under the saw, for the purpose of replacing it, when, in some manner not altogether clear, his hand came in contact with the revolving saw, with the result that he lost all of the fingers on the left hand as above stated. The evidence is not clear as to just whose duty it was to have replaced the cable under these circumstances, but it seems to have been done by those who operated the saw. In any event, contributory negligence has been eliminated by the statute as a defense, under which this action is brought, and we think the injury was inflicted while in the employment of the defendants, and under such circumstances as to clearly render them liable therefor.

[5] Defendants also contend that they were not notified of the injury within the six months and in the manner required by the statute. One of the defendants was at the mill the day the accident happened, and,

while not actually present at the scene, was with and saw the plaintiff within a very few moments afterwards. This mill was a small affair, cutting only a few thousand feet per day, and employing from 15 to 20 men, and we think that both defendants have known practically from the time of the accident the extent and circumstances of the plaintiff's injury, sufficient to meet all the reasonable requirements of the law.

## Quantum of Damages.

[6] The lower court, as above indicated, allowed plaintiff 50 per cent. of his weekly wages under Act No. 243 of 1916 (the injury having occurred in 1917) for a period of 150 weeks, as for the loss of a hand. Plaintiff claims that he should be allowed compensation as for permanent total disability, or 50 per cent. of his weekly wages for 400 weeks, upon the theory that, being uneducated and dependent upon manual labor for a living, he is totally incapacitated to do any work of that character. However, it is a fact, illustrated in everyday life, that many men are working at manual labor and earning a livelihood even where the entire arm or leg has been lost, while in this case plaintiff did not lose the hand, but all of the fingers, including the thumb. He still has the stub, or hand, minus the fingers, which will undoubtedly be of great use to him in performing work which he may be able to obtain. In any event, the statute has provided a definite scale of compensation for an injury of this kind, and it fixes it for the loss of a hand at one-half of the weeks' wages for a period of 150 weeks. Plaintiff is also entitled to recover his medical expenses not to exceed $150. He has proven the amount of $60 on this score.

The lower court has given judgment on this basis, and for the reasons assigned the judgment appealed from is affirmed, at the costs of the appellants.