## BLOUNT v. KANSAS CITY SOUTHERN RY. CO.

(District Court, W. D. Louisiana, Shreveport Division. May 12, 1925.)

No. 1447.

**1. Master and servant ⟨⟩401—Pleading ⟨⟩248 (12)—Petition held to state cause of action under both federal and state statutes.**

The petition in an action by an employee against an interstate railroad company for personal injury, which alleged the facts of the injury, showing that it was accidental and that plaintiff at the time was employed in interstate commerce, *held* to state facts which also constituted a cause of action under the Louisiana Workmen's Compensation Law, and an amendment praying for relief thereunder, if it was found that the federal statute could not apply *held* not to introduce a new cause of action.

**2. Courts ⟨⟩276—Objection to venue waived by excepting to sufficiency of pleading on the merits.**

A defendant, by appearing to except to the petition as stating no cause of action, waived objection to the venue where the federal court had general jurisdiction of the suit.

**3. Courts ⟨⟩259 — State Legislature cannot limit jurisdiction of federal courts.**

A state Legislature, by providing in a statute giving a right of action that a suit thereon may be brought only in a state court, cannot deprive a citizen of another state from suing in a federal court which has jurisdiction of the subject-matter.

At Law. Action by P. M. Blount against the Kansas City Southern Railway Company. On objection by defendant to amendment to petition, and plea to the jurisdiction. Amendment allowed, and plea overruled.

Jones, Sexton, Jones, Buck & Gibson, of Fort Worth, Tex., and Bullock & Warren, of Shreveport, La., for plaintiff.

Wilkinson, Lewis & Wilkinson, of Shreveport, La., for defendant.

DAWKINS, District Judge. Plaintiff brought this suit in the Shreveport division of this court on January 2, 1924, alleging that he was a resident of Water Valley, Miss., and that the defendant is a citizen of the state of Missouri, engaged in interstate commerce through the states of Missouri, Louisiana, and Texas; that it is "actively engaged in business as such railroad corporation in the state of Louisiana and operates its cars and trains and its other business connected with the general business of said corporation in Caddo parish, La., where it has agents and officers upon whom process may be served in this cause; and that it does not extend its lines into Mississippi, and is a

nonresident of Mississippi." The petition otherwise alleges as follows:

"Second. Plaintiff says that on or about the 23d day of April, 1923, he was employed by the Kansas City Southern Railway Company in its railroad shops at Shreveport, state of Louisiana, and was by the requirements of such employment and by the orders of the defendant's officers, agents, and employees superior in authority to this plaintiff, engaged in the proper performance of his duty repairing a railroad car which car was used by the defendant in the prosecution of its business as a common carrier between the various states of the United States.

"Third. Plaintiff states that, while so engaged in repairing said cars, a heavy plank, about two inches in thickness, twelve inches in width, and approximately sixteen feet long was by the negligence and carelessness of the defendant, its agents, servants, and employees, permitted and allowed to fall from a distance of approximately ten feet above plaintiff upon and against plaintiff's head, shoulders, and body with great force and violence, seriously and permanently and painfully injuring him.

"Fourth. Plaintiff states that the said plank fell from a suspended scaffold upon which it was lying, but to which it was not properly fitted or made fast.

"Fifth. Plaintiff states that the unsafe condition of said board was wholly unknown to him.

"Sixth. Plaintiff says that by reason of the injury inflicted upon him by reason of said board falling upon him he has suffered great pain and mental anguish, and has also suffered serious and permanent injuries which have caused a severe and permanent nervous affliction, accompanied by palsy of and paralysis of the muscles of his body, together with physical debility and weakness, which palsy, paralysis, debility, and weakness are permanent afflictions which have at all times, since the receipt of the injury aforesaid, and will hereafter wholly incapacitate the plaintiff to do labor of any kind that will enable him to earn any money whatever.

"Seventh. Plaintiff states that at the time of the receipt of the injuries complained of he was earning and able to earn the sum of one hundred and seventy-five ($175.00) dollars per month, and that he would have continued to earn such sum, or a greater sum, for a long period of years, but for the injuries hereinabove complained of."

Plaintiff prays for damages in the sum of $60,000. On June 21, 1924, defendant appeared and filed an exception of no cause or right of action, and on July 7th of the same year it also pleaded that this court was without jurisdiction of this cause, "because the same involves and is based on an accident which occurred while the plaintiff was engaged in intrastate commerce, and that therefore plaintiff's exclusive remedy is under the Workmen's Compensation Act of Louisiana in the state courts of said state."

On February 16, 1925, plaintiff filed an amended petition, the pertinent allegation of which is as follows: "That, should plaintiff be not entitled to recover in this suit under the federal Employers' Liability Law or other laws of the United States, then and in that event, in the alternative, he is entitled to recover herein under the Workmen's Compensation Law of the state of Louisiana; that the amount due him under said law exceeds $3,000."

[1] The first question to be passed upon is the objection to this amendment which is made upon the ground that it changes the issues or injects a new cause of action into the case, and while no plea of prescription has been filed, the amendment not having as yet been allowed, it is said that any claim under the state compensation law has been lost by the prescription of one year (some 22 months having elapsed from the date of the injury to the filing of the amendment). However, this contention must stand or fall upon whether or not the proposed amendment amounts to the assertion of a new and independent cause of action. In his original petition plaintiff did not allege that his claim had arisen under any specific statute, either state or federal, but merely set forth the facts and circumstances of the injury and prayed for judgment in the sum mentioned "and for all proper relief to which he may be entitled." Of course, there is no general federal statute granting the right to recover for torts, although such suits may be brought in the federal courts where there exist the proper jurisdictional facts, such as diversity of citizenship, etc.; but the right to recover in such cases depends upon the law of the particular state in which the injury was inflicted.

The national compensation law, which is a departure from this general rule, finds its support in the constitutional power of Congress to regulate interstate commerce, and can apply only in those cases where the employer is engaged in interstate commerce and the employee at the time is performing "work so closely related to it as to be practically a part of it." Industrial Accident Commission v. Davis, 259 U. S. 182, 42 S. Ct. 489,

66 L. Ed. 888. Hence, if the proper jurisdictional facts have been alleged in the original petition in this case, I think the question of whether or not the amendment changes the issues or amounts to a new cause of action can best be tested by treating the matter for present purposes as if the suit had been filed originally in the state court. If this had been done in the identical form in which it appears, the state court would have found that the Louisiana Workmen's Compensation Law was the exclusive remedy, unless the facts showed that both the employer and employee were at the time engaged in interstate commerce, in which event the federal compensation statute might have been applied, even in the state court. Ordinarily a pleader does not have to allege the particular law upon which he relies for relief; he merely states the facts, and the court takes cognizance of the law applicable to his case. I find that the above-quoted articles of the petition set forth the employment, the rate of pay per month, the facts and circumstances surrounding the accident, and the extent and nature of the injury. The measure of recovery is provided by the statute, and the court must look to it, rather than to the allegations of the petition upon the subject, in determining the rights of the claimant.

Counsel for defendant relies upon three decisions of the Supreme Court of Louisiana as sustaining its contention, to wit, Colorado v. Johnson Iron Works, 146 La. 68, 83 So. 381, Smith v. White, 146 La. 313, 83 So. 584, and Gros et al. v. Millers' Indemnity Underwriters, 153 La. 257, 95 So. 709, which it is said hold that the claimant must allege that his demand is made under the compensation law. However, in the first case, the main question considered was the one of constitutionality of the Louisiana Workmen's Compensation Law, the plaintiff contending that for the reasons urged it was invalid, although in the prayer he asked that, if it should be held that the case was governed by said statute, "an adequate and equitable relief and an equitable lump sum be adjudicated, according to said acts, adding to it an adequate and equitable sum for sufferings, mental agony, loss of consortium, and pecuniary loss." In passing briefly upon the point, the court had this to say:

"Except as in this prayer, nothing was alleged to be due, or claimed, under said Employers' Liability Act in the petition; but, on the contrary, said act was repudiated throughout as invalid, and inapplicable to the case. The learned trial judge thought the petition insufficient to justify any judgment under the act. This ruling was correct. Plaintiff has made no specific demand upon defendant under the act, either in or out of court. Section 18 of the act would seem to contemplate that suit may be brought under the act only after the parties have failed to agree out of court upon the amount of compensation due. At any rate, the defendant company is entitled to know what specific amount the plaintiff is claiming before it can be required to answer."

It is true that the writer of this opinion, who was then a member of the court, concurred in that opinion, but the Chief Justice dissented—whether upon the constitutional question or the ruling upon the alternative prayer is not recalled. But it will be noted that no authority was cited in support of the conclusions reached, and besides the language just quoted justifies the belief that it was based more upon the vagueness of the demand, in so far as the compensation law is concerned, than upon the proposition that the petitioner could not have been granted relief under said law, if all of the facts had been alleged as has been done in this case. The demand was merely nonsuited. The general principle applicable to such matters is announced in 31 Cyc. p. 101, verbo "Pleading," as follows:

"*Test of Sufficiency.*—The test of sufficiency frequently applied is whether the declaration informs defendant of the nature of the demand, so that he may not be misled in the preparation of his defense. If it does this it is sufficient, although inartificially drawn. If facts are alleged, which entitle plaintiff to any relief in the court where the action is commenced, the pleading will be held to state a cause of action, even though the pleading contains a demand for relief to which plaintiff is not entitled. And if sufficient facts are stated to make a good cause of action, the pleading is not vitiated by the further averment of legal conclusions respecting the effect of the facts alleged. Vagueness, uncertainty, or other formal defects will not be deemed fatal under rules permitting liberal interpretation, if a good cause of action can be gathered from the pleading. But a declaration containing facts sufficient to constitute a cause of action will be rendered insufficient by the averment of other facts constituting a defense to it."

See, also, cases cited in footnote and Appleton v. Citizen's Central National Bank, 190 N. Y. 417, 83 N. E. 470, 32 L. R. A. (N. S.) 543.

My opinion is that, if the petition had been as full as in this case and the point

sufficiently stressed, the court would have held the allegations sufficient.

In Smith v. White, the court, in passing upon the contention that the petition had not alleged that the accident "was wholly accidental," merely held that this had been waived by the admission of evidence which showed that such were the facts. In the present case, the petitioner does not specifically allege that the injury was accidental; but the facts which are alleged show that it was accidental, within the definition of that word as defined in the state statute.

In Gros v. Miller's Indemnity Underwriters, the case went off on the proposition that the petition did not sufficiently allege as a matter of fact that the plaintiff was the adopted child of the deceased, and otherwise did not affirmatively show the nonexistence of other persons who would have been entitled to the right of action ahead of the plaintiff, and further: "Nor is it alleged with sufficient clearness that the death of plaintiff's illegitimate grandson was caused by an accident arising out of and in the course of his employment." I, of course, have not the pleadings before me, but take it that, if the petition had alleged facts such as has been done in this case, showing that the accident had arisen out of and in the course of the employment, it would not have been necessary to allege those exact words.

My conclusion is that, while defendant might have been entitled to more details under proper exception, the original petition did state a cause of action under the Louisiana Workmen's Compensation Law (Acts La. 1914, No. 20), and the proposed amendment merely asked relief thereunder in so many words, if it be found that the federal statute cannot apply. I am convinced that in no event could petitioner recover, in view of the allegations, under article 2315 of the Louisiana Civil Code, but that his remedy is either under the federal Employers' Liability Law (U. S. Comp. St. §§ 8657–8665) or the state Employers' Liability Law. The amendment is therefore allowed.

*Exception of No Cause of Action.*— What has been said upon the right to amend, I think, sufficiently disposes of the exception of no cause of action.

[2] *Plea to the Jurisdiction.*—As hereinabove stated, the plea to the jurisdiction is based upon the proposition that the allegations show that the "plaintiff was engaged in intrastate commerce." It does not decline the venue upon the ground that defendant has not been sued at its domicile, and, having first made its appearance by way of exception of no cause of action before pleading to the jurisdiction, defendant thereby waived any right to except to the venue. Lee v. Chesapeake & Ohio Railroad Co., 260 U. S. 653, 43 S. Ct. 230, 67 L. Ed. 443. The alleged diversity of citizenship was sufficient to give a federal court jurisdiction under the Constitution, and the only inhibition against bringing a suit of this kind anywhere else than at the domicile of plaintiff or defendant is section 51 of the Judicial Code, which may be waived, and, for the reasons stated, I think the immunity has been lost by defendant's appearance for other purposes.

In their brief defendant's counsel urge mainly the contention that the right under the Louisiana law is created by statute, and that it expressly limits the right to sue in the state court having jurisdiction in the parish where the injury was done. On the other hand, two acts were passed by the Louisiana Legislature in 1920 on the same subject, one providing for the bringing of such suits before the "court which would have jurisdiction in a civil case," and the other declaring that the same should be brought in the parish where the injury was done. These two acts, which were passed and approved on the same day, have been construed by the Louisiana Supreme Court as supplementary of each other, and as permitting the bringing of such cases before either court. Kinney v. Edenborn, 151 La. 216, 91 So. 712. The present suit was brought in the division of this court including Caddo parish, where the accident is alleged to have happened.

[3] Counsel insist that the Louisiana law has confined the right to assert such claims to the state court, but I cannot agree that it was even the intention of the statute to deny that right to persons who, because of their citizenship, are given the privilege of going into federal court for the assertion of such claims, and, if it did, the provision would be in conflict with the Constitution of the United States. 25 C. J. p. 261, verbo "Federal Courts," § 6, C.

The plea to the jurisdiction is therefore overruled.