No. 2976
Second Circuit

HICKS v. PARISH OF UNION, ET AL

(May 13, 1927. Opinion and Decree.)
(June 28, 1927. Rehearing Refused.)
(July 12, 1927. Writ of Certiorari and Review Applied for.)

*(Syllabus by the Court.)*

1. **Louisiana Digest—Master and Servant —Par. 154, 156.**
A Road District created pursuant to clause (c), section 14, Article XIV of the

Constitution of 1921 and Act. No. 118 of the Legislature of 1921, is a political subdivision of the State of Louisiana within the meaning of the Employers' Liability Act.

**2. Louisiana Digest—Master and Servant —Par. 157.**

The building and repairing of public highways is a hazardous business within the meaning of the Employers' Liability Act.

**3. Louisiana Digest—Master and Servant —Par. 157.**

The operation of a motor tractor in the building and repairing of public highways is a hazardous occupation within the meaning of the Employers' Liability Act.

**4. Louisiana Digest—Master and Servant —Par. 154, 160.**

The widow and children of an employee of a Road District created pursuant to clause (c), section 14, Article XIV of the Constitution of 1921 and Act No. 118 of the Legislature of 1921, killed in an accident by being thrown from a motor tractor which he was operating in building and repairing public highways for his employer is entitled to recover compensation from the Road District under the Employers' Liability Act.

Appeal from the Third Judicial District Court of Louisiana, Parish of Union. Hon. S. D. Pearce, Judge.

Action by Mrs. Mary Hicks, individually and as natural tutrix of her minor children, issue of her marriage with Leon Hicks, deceased, against the Parish of Union, of the State of Louisiana, and Road District No. 9 of the Parish of Union.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

S. L. Digby, of Farmerville, attorney for plaintiff, appellee.

W. J. Hammon, H. G. Fields, of Farmerville, attorney for defendant, appellant.

## STATEMENT OF THE CASE

REYNOLDS, J. This is a suit under the Employers' Liability Act (Act No. 20 of 1914 and amendments thereto) by Mrs. Mary Hicks, individually and as natural tutrix of her minor children, J. N. Hicks, D. V. Hicks and Marie Hicks, issue of her marriage with Leon Hicks, deceased, against the Parish of Union and Road District No. 9 of said parish in solido for the death of said Leon Hicks which is alleged to have resulted from his being thrown from a motor tractor which he was operating in repairing and working a public highway in Road District No. 9 for and in the course of his employment by the Parish of Union and Road District No. 9.

She alleged that the daily wage of the deceased was $2.50 and his average weekly wage $15.00.

She asked for judgment against the Parish of Union and Road District No. 9 in solido for 65 per cent of his wages for a period of 400 weeks, or $3900.00, and for $50.00 for medical and hospital fees and for $100.00 for burial expenses, or a total of $4050.00.

The Parish of Union filed an exception of misjoining of parties defendant and the exception was sustained and the Parish of Union thereby eliminated from the case. No appeal was taken from this ruling and therefore the correctness or incorrectness of it is not before us.

Road District No. 9 filed an exception of no right and no cause of action and the exception was referred to the merits.

Reserving its rights under this exception should it be overruled Road District No. 9 answered denying liability and specially alleging that neither the business of building and repairing public highways nor the occupation of operating a motor tractor in the building and repairing of public highways is hazardous within the meaning of the Employers' Liability Act.

It further alleged that the deceased was not employed by it but was an independent contractor and was—

"operating said tractor under a written contract, and that he equipped and managed the same without a suggestion or control of defendant other than to designate the roads over which he should operate the same."

It is further alleged that the death of the deceased was the result of his own negligence in that—

"rigged up some contraption on said tractor to make a shade under which he was to sit"

against the advice of the defendant, and

"That said shelter or shade was no part of the equipment of said tractor, and that the said Leon Hicks * * * became entangled in the supports, wires, ropes, etc., with which he had attempted to hold said contraption over him for shelter and shade, which dragged him off of the tractor, resulting in the injury complained of."

On these issues the case was tried and judgment was rendered in favor of the plaintiff and against Road District No. 9 for $2925.00, payable in installments of $9.75 per week for a period of 300 weeks, beginning June 4, 1926, with legal interest on each installment from its maturity until paid, and for the further sum of $50.00 for medical treatment and hospital fees and the further sum of $100.00 funeral expenses with legal interest thereon from judicial demand until paid.

From this judgment Road District No. 9 has appealed.

## OPINION

Three grounds for the reversal of the judgment appealed from are urged.

1. That the exception of no right and no cause of action should have been sustained.

2. That the court erred in holding that the operation of a motor truck in the building and repairing of public highways is a hazardous occupation.

3. That the court erred in holding that the building and repairing of public highways is a hazardous business.

### I.

The Constitution of 1921, clause (c), Section 14, Article XIV, provides that—

"The legislature may by general law authorize the police juries to create road districts * * * and may, by general law and within the limitations and conditions herein contained, authorize road districts * * * so created, through the police jury * * * of the parish * * * as the governing authority thereof, to incur debt and issue negotiable bonds for the purpose of opening, constructing, improving and maintaining public roads * * * "

And Act No. 118 of 1921, in Section 1, provides that—

"the Police Juries of the several parishes of the State are hereby authorized and empowered to create road districts * * * in the manner and subject to the limitations and restrictions herein contained."

And, in Section 5, that—

"Such road districts * * * created hereunder shall constitute public corporations, and as such shall have all the powers of public corporations * * * shall have the right and power to incur debt and contract obligations, to sue and be sued * * * to do and perform all acts in their cor-

porate capacity and in their corporate names necessary and proper for the purpose of constructing, maintaining and improving public roads * * * "

The Employers' Liability Act (Act No. 20 of 1914 and the amendments thereto) provides that it shall apply to—

"Every person in the service of the State, or of any parish, township, incorporated village or city, or other political subdivision, or incorporated public board or commission in this State authorized by law to hold property and to sue and be sued, under any appointment or contract of hire, express or implied, oral or written, except an official * * * and for such employee and employer the payment of compensation, according to and under the terms, conditions and provisions hereinafter set out in this Act, shall be exclusive, compulsory and obligatory * * *"

The exception of no right of action and no cause of action only questions the liability of a Road District to an employee under the Employers' Liability Act. Under the provisions of the Constitution and laws above quoted we think it is liable and, that therefore the exception is without merit.

It may be that the Parish of Union should not have been dismissed from the suit, but it was done on the exception of counsel representing both the Parish of Union and Road District No. 9, and as plaintiff has not appealed from the sustaining of the exception of misjoinder we are without jurisdiction to pass on the correctness of that ruling.

## II-III.

As to the contentions that the building and repairing of public highways is not a hazardous business and that the operation of a motor tractor in the business of building and repairing public highways is not a hazardous occupation, we think that both the business and the occupation is

hazardous. Among the businesses, trades and occupations specifically declared to be hazardous in clause (a) of subdivision 2 of Section 1 of the Employers' Liability Act is that of—

"excavating or grading with power machinery"

and this, we think, embraces the work of building and repairing public highways by means of motor tractors.

Besides, in Haddad vs. Commercial Motor Truck Co., 146 La. 897, 84 So. 197, it was specifically held that the employment of operating a motor truck is a hazardous one within the meaning of the Employers' Liability Act.

As to the contention of defendant that the deceased was not its employee but an independent contractor, we think that the terms of the agreement under which he was working for defendant made him an employee rather than an independent contractor.

The Police Jury of Union parish advertised that as the governing authority of Road District No. 9 it would receive sealed bids

"for work on lateral public roads during the year 1926, as folows:

\* \* \*

"Police Jury Ward No. 5.
"1 man to operate road machine; 1 man to operate Ford tractor; 4 teams and 5 men (mules or horses to weigh not less than 1050 pounds each) the bidder to furnish all pull-chains and stretchers.

\* \* \*

"The Police Jury and Supervisors specially reserve the right to stop the work in any or all the police jury wards of the said District No. 9 at any time they deem it necessary or to discharge any of the employees, by giving written or verbal notice.

"Blank bids or any information may be obtained from O. Baughman, Secretary-Treasurer. The above bids are to be by the day. The Police Jury reserving the right to reject any or all bids."

The deceased bid that he would drive the Ford tractor for $2.50 a day. He furnished nothing but his labor. The tractor was used to pull the "slips" and other road-working machinery.

The deceased was an employee and not an independent contractor.

It is also contended by defendant the accident to and death of the deceased therefrom was caused by his own negligence.

"Under the 'Employers' Liability Act' the liability of an employer is not to be determined by the negligence or want of negligence."

Garcia vs. Salmen B. & L. Co., 151 La. 784, 92 South. 335.

"Workmen's Compensation Act eliminates the defense of contributory negligence."

Smith vs. White, 146 La. 313, 83 South. 584; Veasey vs. Peters, 142 La. 1012, 72 South. 948; Colorado vs. Johnson Iron Works, 146 La. 68, 83 South. 381.

Defendant does not contend that the judgment appealed from is erroneous if the conclusions of law of the trial court be held to be correct.

We find no error in the judgment appealed from and accordingly it is affirmed.