REBA NORA FRANZEN, PETITIONER-RESPONDENT, v. E. I. DUPONT deNEMOURS & COMPANY, RESPONDENT-PROSECUTOR.

Submitted May 5, 1942—Decided July 31, 1942.

Before Justices BODINE, HEHER and PERSKIE.

For the respondent-prosecutor, *Katzenbach, Gildea & Rudner* (*Louis Rudner* and *Carl E. Guether*).

For the petitioner-respondent, *Abraham J. Slurzberg*.

BODINE, J. *Certiorari* was allowed to review an award to compensation to the widow of George Albert Franzen, who was killed August 6th, 1939, as the result of an accident admittedly arising out of and in the course of his employment at the defendant's Baton Rouge, Louisiana, plant. The writ goes directly to the determination of the Bureau, since the accident did not occur in this state. *Steinmetz* v. *Snead & Co.*, 123 *N. J. L.* 138, 141; *Stetser* v. *American Stores Co.*, 124 *Id.* 228; *Burdick* v. *Liberty Freight Lines, Inc.*, 128 *Id.* 229.

The question to be determined is the place where the contract of employment was made under which deceased was working at the time of his death. If the contract was not made in this state, the Bureau was without jurisdiction and whatever remedy the plaintiff may have is in another forum.

The determination of the *situs* of a contract of employment is a question of fact. Was the deceased employed under a

contract made in this state at the time of the accident resulting in death? We decide that he was not.

In 1937, it was necessary to lay off men at the defendant's Deepwater Point plant. Men were being employed at its Baton Rouge plant. Franzen was one of those employed at Deepwater who was laid off. He procured employment at the Baton Rouge plant and signed there a contract of employment limited for workmen's compensation purposes to a forty hour week. The employment in Louisiana continued from April 23d, 1937, to August 6th, 1939. The testimony shows that the word "transferred" on his New Jersey card had nothing to do with the new employment, but was so noted so as to preserve the employee's benefits under certain plans the company had for his future. His traveling expenses were paid by the Louisiana plant and no allowance was made for time lost in travel. While working in Louisiana, unemployment compensation levies upon Franzen's wages were paid to that state. The prosecutor's practice, when men were to be laid off at one plant, was to inquire as to the needs of other plants. Men in the employ of each plant selected the employees who were to work at that point. The inquiries were as much for the benefit of the men as for the advantage of the company.

The proofs clearly show that there was no promise of re-employment. Such suggestion is negatived by positive and credible testimony. The terms of working hours and wages were all fixed in Baton Rouge and were altered several times during the employment at that point. The contract of employment was controlled by the law of the place where it was made and definitely it was made in Louisiana. *American Radiator Co.* v. *Rogge*, 86 *N. J. L.* 436; *affirmed*, 87 *Id.* 314, error dismissed, 245 *U. S.* 630; *Miller* v. *National Chair Co.*, 127 *N. J. L.* 414.

Since we so view the case, it is unnecessary to consider the respondent's status. It can make no difference in this decision whether she was or was not the common law wife of the deceased.

The judgment is reversed.