### FRANZEN v. E. I. DU PONT DE NEMOURS & CO., Inc.

No. 8498.

Circuit Court of Appeals, Third Circuit.

Argued Feb. 23, 1944.

Decided Dec. 28, 1944.

George Gildea, of Trenton, N.J. (Katzenbach, Gildea & Rudner, Louis Rudner, of Trenton, N.J., and Carl E. Geuther, of Philadelphia, Pa., on the brief), for appellant.

Abraham J. Slurzberg, of Jersey City, N. J., for appellee.

Before JONES and McLAUGHLIN, Circuit Judges and BARD, District Judge.

JONES, Circuit Judge.

The plaintiff brought suit in the District Court of the United States for the District of New Jersey as the alleged widow and sole dependent of George Albert Franzen to recover compensation under the Employers' Liability Laws of Louisiana[1] for the death of Franzen in the course of his employment by the defendant company in the latter State.

The defendant moved to dismiss both the complaint and the action on the grounds that (1) the matter in controversy did not exceed, exclusive of interest and costs, the sum of $3,000, (2) under the Employers' Liability Laws of Louisiana, the courts of that State alone have jurisdiction of actions thereunder, and (3) the complaint was not verified as required by the Louisiana Statutes. The trial court denied the motion in an opinion reported in, D.C., 36 F.Supp. 375. We think the cited opinion of the court below sufficiently justified its disposition of grounds (1) and (3) above. We shall not, therefore, refer to them again.

By answer, the defendant admitted Franzen's death by accident on the date alleged while he was employed at the defendant's plant in Louisiana but denied that the plaintiff was the widow or dependent of Franzen. As a separate defense in connection with this denial, the defendant pleaded that the plaintiff was not the lawful

---

[1] Employers' Liability Act of Louisiana, Session Acts of 1914, No. 20, as amended,

[2] Marr's Revised Statutes of Louisiana 1388.

wife of Franzen at the time of his death "under a contract of marriage cognizable and recognized as valid under the laws of Louisiana". The answer also renewed the defendant's denial of the court's jurisdiction of the cause.

At trial, which was to the court below without a jury, there was but one matter which involved issues of fact, viz., whether the plaintiff had contracted a common law marriage with Franzen in Camden, New Jersey, on April 17, 1937. Admittedly, there had never been a ceremonial marriage. The trial court held that, under the evidence, a common law marriage between the plaintiff and Franzen in New Jersey on the date alleged had been established and that, consequently, the plaintiff became Franzen's widow and his sole dependent upon his death on August 6, 1939. The trial court further held that the plaintiff, as such widow and sole dependent, was entitled to compensation for her husband's death under the provisions of the Employers' Liability Laws of Louisiana. The court accordingly entered judgment for the payment of specified sums by the defendant to the plaintiff for the statutorily prescribed period. The defendant appeals.

Aside from the question of the court's jurisdiction to hear and determine the matter and the question of the alleged common law marriage in New Jersey, the appellant also complains of two matters of evidence which arose at trial and which we shall hereinafter consider.

Logical sequence requires that we first consider the question of the alleged common law marriage. Unless the plaintiff is the widow and, as such, the dependent of the deceased employee, her want of any right to compensation for Franzen's death would, of course, make an end of the case even though the court had jurisdiction to hear and determine the compensation claim.

■ Whether the plaintiff was Franzen's wife is to be determined according to the law of New Jersey. That is so, wholly apart from the fact that federal court jurisdiction of the controversy depends upon diversity of citizenship, which imposes upon a federal court the duty of following and applying local law. The plaintiff avers her marriage to Franzen, according to the common law, at Camden, New Jersey, on a specified date. The validity of a marriage is to be determined by the law of the place where it is contracted. Travers v. Rein-

hardt, 205 U.S. 423, 439, 442, 27 S.Ct. 563, 51 L.Ed. 865. See Beale, Conflict of Laws, Vol. 2, p. 669. And, if valid according to the law of the State where contracted, a marriage is to be regarded as valid in every other jurisdiction. Loughran v. Loughran, 292 U.S. 216, 223, 54 S.Ct. 684, 78 L.Ed. 1219. See Restatement Conflict of Laws, § 121 (1934 Ed.)

It is, therefore, of no legal significance to our present inquiry that common law marriages may not be contracted in Louisiana (see Art. 86 of the Civil Code of Louisiana). There is no contention that the plaintiff and Franzen contracted a common law marriage in that State. Their cohabitation in Louisiana during his employment there was but a continuation of the relationship into which they had previously entered in New Jersey, while both were domiciled there. The trial court so found and the evidence is quite sufficient to support the finding.

■ The pertinent question is whether the plaintiff and Franzen validly entered into a common law marriage in Camden, New Jersey, on April 17, 1937. The trial court concluded that they did. While the evidence relevant to the findings supporting this conclusion is inconsistent or contradictory in part, the trial court relied largely on' the testimony of one witness (Gordon). Gordon was resident in the house in Camden in which Franzen and the plaintiff took up their cohabitation at the time specified pursuant to an affirmative undertaking of marriage between them as Franzen stated in substance to Gordon in the presence of the plaintiff. This intended reputation of marriage was repeatedly confirmed thereafter. Certainly, the trial court's findings of cohabitation and reputation and the parties' express agreement of marriage are not so clearly erroneous as to justify a reviewing court in setting them aside. See Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. On the basis of the findings, it is our opinion that, under the law of New Jersey, Franzen and the plaintiff contracted a valid common law marriage in that State at the time alleged. See Jackson v. Jackson, 94 N.J.Eq. 233, 236, 113 A. 495; affirmed per curiam by the Court of Errors and Appeals, 118 A. 926.

■ The appellant makes point of the fact that in a suit by the plaintiff against the Equitable Life Assurance Society upon

a policy on Franzen's life, the Camden District Court held that there had been no marriage and that the plaintiff was not Franzen's widow. But, directly contrary, a Commissioner of a New Jersey tribunal of no less dignity (Workmen's Compensation Bureau, New Jersey Department of Labor) on a claim by the plaintiff against the present defendant for compensation under New Jersey's compensation law, held that a common law marriage between the plaintiff and Franzen, contracted in New Jersey, had existed from April 17, 1937. It is true that the New Jersey Supreme Court subsequently reversed the Commissioner's award of compensation but did so on the ground that Franzen's contract of employment had been made in Louisiana and that the law of that State governed the right to compensation for his injury or death. See Franzen v. E. I. du Pont De Nemours & Co., 128 N.J.L. 549, 27 A.2d 615. The New Jersey Supreme Court did not pass upon the question of marriage. In that situation, the court below, in applying the law of New Jersey, was under the necessity of spelling out what it believed a court of competent jurisdiction in New Jersey would apply, as the law of the State, in like circumstances. See Meredith v. Winter Haven, 320 U.S. 228, 237, 64 S.Ct. 7. We think the conclusion of the court below that the plaintiff was the widow and sole' dependent of the deceased employee is in keeping with the controlling law.

█ Coming to the question of jurisdiction, little would need be added to what is so ably set out in the opinion of the learned court below (See 36 F.Supp. 375, 377-378) in support of its conclusion in such regard, were it not for the fundamental importance of the question which the appellant continues to urge upon us.

While the Louisiana Employers' Liability Laws, cited supra, confer a right to compensation for the injury or death of workmen in the course of their employment, the statute does not provide a Board or Commission for its administration. The procedure prescribed contemplates that the claimant and the employer will, in the first instance, endeavor to agree as to the amount of compensation and the times of payment in accordance with the provisions of the Act. If such agreement be had, it must be reduced to writing and approved by the court where it is entered as a judgment. In the event that no settlement is made, the Act provides that "* * *

either party may present a verified complaint to the Judge of the District Court which would have jurisdiction in a civil case, or to the Judge of the District Court of the parish in which the injury was done or the accident occurred, * * * or to any Court at the domicile of, or at the principal place of business of the defendant, having jurisdiction of the amount of dispute, at the option of the plaintiff, * * *." Act La.No. 20 of 1914, § 18, subd. 1(A), as amended by Act No. 81 of 1930.

A further provision of the Act defines the word "Court", when used in the connections above-mentioned, " * * * to mean the court which shall have jurisdiction of the employer in a civil case involving more than One Hundred Dollars, * * *." Act La.No. 20 of 1914, § 39, as amended by Act No. 38 of 1918.

In Texas Pipe Line Co. v. Ware, 8 Cir., 15 F.2d 171, it was held that the right of action for compensation under the Employers' Liability Laws of Louisiana is transitory and, as such, is cognizable in a federal court (outside of Louisiana) having jurisdiction of the parties and competent to hear and determine the claim. The question of jurisdiction was directly involved in the Texas Pipe Line case which had originated in a suit instituted by the plaintiff in a State court of Arkansas for damages for personal injury. The defendant removed the case to the United States District Court for the Western District of Arkansas because of diversity of citizenship. In that court, the plaintiff amended his complaint and .pleaded a right to compensation under the laws of Louisiana. The defendant then moved to dismiss on the ground that the plaintiff's right to compensation could not be enforced by any court outside of Louisiana. The motion was denied by the District Court. Thereafter, the case was tried to the court without a jury. The trial judge entered judgment for the plaintiff for compensation at so much per we.·k and for a specified period of weeks under the provisions of the Louisiana statute. On appeal, the judgment was affirmed. In disposing of the jurisdictional question, adversely to the employer's contention, Judge Kenyon, speaking for the Court of Appeals, said at pages 174, 175 of 15 F.2d:

"The right to compensation for injury to an employé under certain conditions was provided by the Louisiana statutes. That right is governed and conditioned by the

law of the state where granted. The remedy provided to enforce it was a court action, which is governed by the law of the forum. This action was a transitory one, and could be maintained in a court of the United States having jurisdiction of the subject-matter and the parties. Undeniably the right sought to be enforced is not in any way contrary to the public policy of the United States. The effort to confine the action to the domicile of defendant was ineffectual. Plaintiff had a choice of tribunals in which to test his right to compensation."

We share that opinion. In the instant case, the domicil of the defendant corporation is Delaware. It can hardly be asserted, under the strictest reading of the Louisiana statute, that a federal court in Delaware would not have jurisdiction of the cause if diversity of citizenship were present. No intendment is to be imputed to the Louisiana statute that one federal court, foreign to that State, should have jurisdiction but others not. Nor is any intent so to discriminate evident from the Act. And, even if it were, it would be, as Judge Kenyon expressed it, ineffectual. The right to compensation under the Louisiana statute is not so interwoven with the remedy "as to make the right dependent upon its being enforced in a particular tribunal." Texas Pipe Line Co. v. Ware, supra, 15 F. 2d at page 174, citing Tennessee Coal, Iron & R. Co. v. George, 233 U.S. 354, 34 S.Ct. 587, 58 L.Ed. 997, L.R.A.1916D, 685. See also United Dredging Co. v. Lindberg, 5 Cir., 18 F.2d 453, certiorari denied 274 U. S. 759, 47 S.Ct. 769, 71 L.Ed. 1337.

In the United Dredging Co. case, the right of a federal court in Texas to take jurisdiction of a claim to compensation under the Louisiana statute was sustained. Again, in Blount v. Kansas City Southern Ry. Co., D.C.W.D.La., 5 F.2d 967 and in McLaughlin v. Western Union Telegraph Co., D.C.E.D.La., 7 F.2d 177, federal courts in Louisiana took jurisdiction of and enforced claims under the Louisiana compensation statute. We do not think it is of any importance to the question of federal jurisdiction of the subject matter that, in the two cases last above cited, the territorial jurisdiction of the particular federal courts extended to the parishes in which the injuries claimed for had been inflicted. The locale of the accident is only one of the means employed by the Louisiana statute for determining court jurisdiction. The Act expressly confers jurisdiction on the courts of the domicil of the defendant employer. We think the intent, evidenced by the Act, was to afford a claimant a readily available court remedy without any attempt at discrimination between courts of equal dignity and competence.

In Elliott v. DeSoto Crude Oil Purchasing Corporation, D.C.W.D. La., 20 F.Supp. 743, where a federal court in Louisiana declined to entertain jurisdiction of a suit to enforce a claim to compensation under a State statute, it appears that, under the (Texas) compensation statute, there involved, a claim to compensation must first be submitted to the Texas Board, created by the statute, before suit for the enforcement of the claim may be entered. This preliminary requirement was held in the Elliott case to be a condition precedent to court jurisdiction and, not having there been complied with, jurisdiction was denied. In the circumstance there present, even a court of the State would, no less, have denied jurisdiction.[2] As to the instances cited where State courts have declined to take jurisdiction of compensation claims arising under statutes of sister States, we do not think they are of controlling influence on the question of the competency of a federal court to take jurisdiction of the subject-matter.

The matters of evidence whereof the appellant complains are two:

1. The testimony of the witness, Gordon, upon which the trial court largely relied for its findings pertinent to the question of marriage, was introduced at trial by way of a deposition. Gordon had given the deposition in connection with the plaintiff's claim before the Workmen's Compensation Board of New Jersey for compensation under the law of that State for her husband's death. It was so used and became a part of the record in that proceeding to which we have already referred in another connection. At the time Gordon gave the deposition he was confined to his home by illness and, at the time of the trial of the instant suit, he was dead. Whether the deposition was available to the plaintiff for use in the instant suit, under

---

[2] The distinction between the Elliott case and the Blount case, for instance, seems obvious. The same District Court Judge (Dawkins) rendered the decisions in both cases.

New Jersey's rules, we need not consider. A question of evidence is to be determined by the rules of the forum. And, Rule 43(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, enjoins upon a District Court the use of the rule of evidence, federal or state, which favors admissibility. The parties to the present suit and the former proceeding being the same and the issue involved in both being "substantially the same", we think Gordon's deposition was clearly admissible under the federal rule as announced by Judge Woolley for this court in Smythe v. Inhabitants of New Providence Township, 263 F. 481, 487.

2. With Gordon's deposition admitted in evidence, the defendant offered two witnesses to impeach the credibility of his testimony. That, the trial judge did not permit and we think rightly so whether or not the trial court assigned a correct reason for its ruling. The intended refuting testimony was excluded on the ground that no foundation had been laid for it in the defendant's cross-examination of Gordon. True enough, the rule which requires such "preliminary warning" to make the refutation competent has not been recognized in New Jersey. See State of New Jersey v. D'Adame, 84 N.J.Law 386, 398. 86 A. 414, Ann.Cas.1914B, 1109, and Fries v. Brugler, 12 N.J.Law 79, 81, 21 Am.Dec. 52. Wigmore criticizes a rigid and unvarying application of the rule but suggests that its appropriate application should rest in the discretion of the trial court. See Wigmore, Evidence, Vol. III, § 1027, p. 704, 3d Ed. Even on that basis, the ruling of the trial court cannot be said to have amounted to an abuse of discretion under the circumstances present. Gordon, who had deposed for the plaintiff, with due notice to the defendant, was dead at the time the impeachment was first offered. He was, therefore, no longer available to explain or deny the supposed contradictory statements which, had he been alive, he would have had an opportunity to do in rebuttal (not having been interrogated in such regard during his examination in chief). In Ayers v. Watson, 132 U.S. 394, at pages 404, 405, 10 S.Ct. 116, 118, 33 L.Ed. 378, Mr. Justice Miller said that " * * * it is believed that in no case has any court deliberately held that after the witness's testimony has been taken, committed to writing and used in court, and by his death he is placed beyond the reach of any power

of explanation, then in another trial such contradictory declarations, whether by deposition or otherwise, can be used to impeach his testimony." That statement sufficiently justifies the ruling below, now complained of.

The judgment of the District Court is affirmed.