## FREEMAN v. McBROOM, ET AL.

1. *Semble:* A bill may be dismissed at the hearing for *want of equity*, although no demurrer is interposed, and the answer does not question its equity.

2. M. a resident of Madison county recovered a judgment against F. in the county court of Jackson county, to enjoin which F. filed his bill in the chancery court of Madison—making M. and four other persons defendants; two of these latter reside without this State, and the other two in Franklin and Talladega counties; all the defendants but the one who resided in Talladega answered the bill, without objecting that it was filed in an improper county; the defendant living in Talladega was in default in not answering within due time, and a rule was pending against him to show

Freeman v. McBroom, et al.

cause why he should not be attached: *Held*, that in this predicament of the cause, the bill should not be dismissed on the ground that it should have been filed in the county where the judgment was rendered; that an objection to the locality of the suit was in the nature of a plea in abatement, and was waived by the answers, if it could have availed had it been previously made; and the defendant who was in contempt could not submit such a motion.

### Writ of Error to the Court of Chancery at Huntsville.

The plaintiff, a resident of Jackson county, filed his bill setting forth, that the defendant, McBroom, as the assignee of his co-defendant, Wilder, recovered a verdict and judgment against him in the county court of that county, on a bill single for one hundred and twenty-five dollars. It is alledged that the writing on which the judgment was rendered, with three others of the like amount each, and of the same date, were executed to Wilder, and the defendant, Swann, in order to obtain the title to a tract of land, situated in Jackson county, which the complainant had previously purchased of the defendant, Moore. The consideration of the specialties the complainant avers has wholly failed, that he has made full payment to Moore, and the latter to his vendor; but the legal title to the land is still in the defendant, Wilder, and his sister, Mrs. Swan and her husband.

It is alledged that McBroom resides in Madison county, Wilder in Franklin county, Moore in Talladega county, and Swan and wife in the State of Tennessee. The bill prays that Moore may produce the bond for title executed by his vendor, that Swan and wife, and Wilder, may produce the several specialties described in the bill, and that they be cancelled: *Further*, that McBroom and all others may be enjoined from proceeding on the judgment in his favor; that the premises described in the bill may be conveyed to, or vest in the complainant; and that such other and further relief as may be just and equitable be granted.

The chancellor dismissed the bill without prejudice, at the complainant's costs, upon the ground that the court in which it was filed could not exercise jurisdiction in the cause.

S. Parsons, for the plaintiff in error, insisted, that the res-

Freeman v. McBroom, et al.

idence of McBroom in Madison, distinguished this case from Shrader v. Walker, et al. 8 Ala. Rep. 244. The principle on which courts of equity act in restraining the prosecution of judicial proceedings in other courts, is to act on the person proceeding, and not on the court in which he is an actor. It is then immaterial in what court a judgment sought to be enjoined was rendered, if the party to be restrained is amenable to the jurisdiction. In fact it has been supposed that an injunction lies to restrain a judgment in a foreign court. [Drewy on Inj. 96-7.] The court in which the defendants bill was filed is one of general chancery jurisdiction, and the defendants having answered without objection, cannot afterwards call upon the court to repudiate the cause, upon a ground which does not affect the merits, but operates as an abatement of the suit. [6 Paige's Rep. 77.]

J. ROBINSON, for the defendants. The case cited from 8 Ala. R. 244, is directly in point, and fully sustains the decree of the court of chancery.

COLLIER, C. J.—It has been repeatedly held, not only by this, but by other courts, that a bill may be dismissed at the hearing for want of equity, although no demurrer is interposed and the answer does not question its equity. In the present case it is true, the chancellor in his decree states that the cause was submitted on a motion to dismiss for want of equity, but he does not address himself to the consideration of the bill in that aspect; but determines, that although the bill may contain abundant equity if it were filed in the chancery court of Jackson, yet the court in which the suit was pending could not entertain it.

All the defendants except Moore had answered without insisting that the bill was filed in an improper chancery district; but for any thing appearing to the contrary, were willing to submit to the jurisdiction. And at the term when the decree was rendered, but previous thereto, an order was made, reciting that Moore had been served with a *subpœna*, more than thirty days and requiring him to show cause why an attachment should not issue against him. In this condi-

tion of the cause we cannot think the court should have repudiated it. The objection at most is only in abatement of the suit, without denying to the complainant a right to the redress which he seeks—it applies to the locality of the jurisdiction whose powers are invoked, and not to the case itself, as one to which chancery should lend its aid. If the defendants had expressly consented that the court in which the bill was filed, should proceed in the cause to a final decree, this would have estopped them from objecting, either in the primary court or on error, to the jurisdiction, because of the residence of the parties, or the court in which the judgment complained of was rendered. May not such an assent be implied from the failure of the defendants to insist that the suit was instituted in a chancery district which had no jurisdiction over the defendants, or the judgment? [See 1 Bail. Eq. R. 187; 1 Dev. & Bat. Eq. R. 3, 182; 5 Hump. R. 315; Holman, et al. v. The Bank of Norfolk at this term.]

It has frequently been held in suits at law, that when the court has no jurisdiction of the subject matter in dispute, such want of jurisdiction cannot be waived by appearance, plea, consent, or in any other manner, and a judgment rendered in such case in favor of the plaintiff will be void. Yet where the court has jurisdiction of the subject matter, but not of the person, such want of jurisdiction of the person may be waived by consent, or by plea to the merits, and cannot be afterwards asserted. [1 Humph. R. 332.] In the present case, it must be intended that the motion to dismiss was made by the defendants who had answered the bill—in fact, Moore being in contempt, he could not move in the cause. Their assent that it should be heard in Madison must be implied from the omission to object to jurisdiction either in their answers or previously.

Shrader v. Walker, et al., is unlike the present case. There the judgment enjoined was rendered, and all the defendants but one, who was an *immaterial party*, resided without the chancery district in which the bill was filed. The motion to dismiss was made before an answer was filed; and it is there intimated that the defendants might have yielded to the jurisdiction, but as their consent had not been in any manner given, we sustained the decree dismissing the bill. We

need not consider whether the residence of McBroom, (the plaintiff in the judgment,) in Madison, further distinguishes these cases, as it sufficiently appears from what has been said that the bill was improperly dismissed.   The decree is consequently reversed and the cause remanded.