(137 So. 441)

**SINGLETON v. HOPE ENGINEERING CO.**

**7 Div. 53.**

Supreme Court of Alabama.

Nov. 5, 1931.

Knox, Acker, Sterne & Liles, of Anniston, for appellee.

Chas. F. Douglass, of Anniston, for appellant.

**THOMAS, J.**

The appeal is from a judgment sustaining demurrers to the complaint, declaring for damages resulting from an injury in Georgia.

██ The respective theories of the parties are that the employer of appellant was, at the

time, place, and manner of the injury, operating under the Georgia Workmen's Compensation Act (Laws 1920, p. 167 as amended), and that appellant received such compensation as the Georgia law provided; that this suit was for damages not covered by said law and based on the alleged negligent failure to promptly provide appellant with medical attention; and that the action is transitory and maintainable in Alabama. Section 5681, Code; Weir v. Brotherhood, 221 Ala. 494, 129 So. 267; Hall v. Milligan, 221 Ala. 233, 128 So. 438, 69 A. L. R. 618.

Appellee's theory, in short, is that there was no other and additional duty resting on the employer under the common law, and, if so, was imposed by the force of the Georgia Workmen's compensation statute, that had been compensated.

The demurrer points out that the courts in this state have no jurisdiction because the several litigable issues of fact arising under the Georgia statute are vested exclusively under the Georgia Workmen's Compensation Commission. This court has generally declared that all rights and remedies granted by our statute are exclusive in causes coming within the influence thereof. Georgia Casualty Co. v. Haygood, 210 Ala. 56, 97 So. 87; Sloss-Sheffield Steel & Iron Co. v. Greek, 211 Ala. 95, 99 So. 791; Steagall v. Sloss-Sheffield Steel & Iron Co., 205 Ala. 100, 87 So. 787. The express terms of the Georgia statute exhibited are to like effect. Sections 12, 26, 27, and 64. Neither the common law nor other statute placed upon defendant the duty to furnish plaintiff with medical attention. The right sought to be enforced had its origin and existence in the Georgia Workmen's compensation statute. The remedies for its breach are recoverable in the manner provided by proper pleadings and procedure before the Industrial Commission of our sister state.

If such remedies are exclusive, there was no error in sustaining the demurrer to the complaint, which exhibited the Georgia statute. We may note appellant's argument or inquiry is: Does that statute, not having provided for damages for failure of alleged duty, or for compensation for pain and permanent disability, leave such suffering employee without a legal right to recover therefor? We answer that such is the result, if such did not exist under the common law or statute. The case of Sloss-Sheffield Steel & Iron Co. v. Maxwell, 20 Ala. App. 588, 104 So. 841, is not in point, since the duty to furnish medical attention arose, not out of our compensation statute, but by contract between the employer and employee—on consideration of the deduction of sums weekly from the employee's wages earned.

Plaintiff had the right to recover in a proceeding before the Georgia Compensation Commission weekly compensation for the period of disability which resulted from this accident, though there were complications which prolonged the period of disability, and though medical treatment might have shortened the period. From the time he received the injury until the time he was relieved or cured of its consequences, whether extraneously aggravated or not, he was entitled to compensation under the statute as it provided. That is to say, when an employee sustains an injury, and through lack of treatment or unskillful treatment his trouble is aggravated, the consequent or proximate result is chargeable to the original accident, unless the person is himself guilty of negligence in that behalf or the lack of ordinary care. The rule is thus stated in O'Quinn v. Alston, 213 Ala. 346, 104 So. 653, 39 A. L. R. 1263, where the plaintiff was injured by the fall of an elevator, and it was contended that his injury was aggravated and his suffering prolonged by unskillful medical treatment. This court used the following language: "Where one is injured by negligence or wrongful act of another, and uses ordinary care in endeavoring to be healed, and in selection of medical and surgical help, but his injury is aggravated by negligence or unskillfulness of the latter, party causing original injury will be responsible for resulting damage to its full extent."

See the many authorities collected by Mr. Justice Sayre on this point. O'Quinn v. Alston, supra.

The same principle is enunciated by the courts of other states with reference to compensation cases. Bossert & Sons v. Piel Bros., 112 Misc. Rep. 117, 182 N. Y. S. 620; Oniji v. Studebaker Corp., 196 Mich. 397, 163 N. W. 23; Booth & Flinn v. Cook, 79 Okl. 280, 193 P. 36.

The ruling of the circuit court is free from error, and is due to be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and BROWN, JJ., concur.