## ELLIOTT v. DE SOTO CRUDE OIL PURCHASING CORPORATION.

### No. 2738.

District Court, W. D. Louisiana, Shreveport Division.

June 30, 1937.

J. B. Crow, of Shreveport, La., for plaintiff.

Hussey & Smith and Blanchard, Goldstein, Walker & O'Quin, all of Shreveport, La., for defendant.

DAWKINS, District Judge.

There have been interposed to the petition in this case an exception of no cause of action, a plea to the jurisdiction, and a plea of prescription. The suit is one by the wife individually and as tutrix, for the minor child, against the employer of her deceased husband, first, for damages for his death, and secondly, in the alternative for compensation under the Workmen's Compensation Law of Texas (Vernon's Ann.Civ.St.Tex. art. 8306 et seq.).

The exception of no cause of action is directed at the proposition that inasmuch as the claim arose under the law of Texas, and the employer has complied with the statute of that state to bring itself under the benefits of the employer's liability provisions, the employee cannot bring an action for damages, but is relegated to his rights under that law.

At the hearing of these exceptions, evidence was introduced to show that the employer had complied with the law of Texas and is under its provisions. That statute gives to the employee an action only against the insurance fund or company which the employer has made available. In view of this fact, I am of the opinion that the petition, in so far as the demand for damages ex delicto is concerned, discloses no cause or right of action. Middleton v. Texas Power & Light Co., 108 Tex. 96, 185 S.W. 556; Howard v. Texas Company (D.C.) 48 F.(2d) 888.

The plea to the jurisdiction is leveled at the fact that the petition does not disclose that the plaintiff has submitted her

744

claim to the Texas board or commission charged with the duty of hearing in the first instance these claims of employees, which is made by the statute a condition precedent to bringing an action in court. It seems to be settled by the jurisprudence of the Texas Supreme Court that no court has jurisdiction until this has been done. For this reason I am constrained to hold that this court is without jurisdiction. Mingus v. Wadley et al., 115 Tex. 551, 285 S.W. 1084.

 As to the plea of prescription or limitations, that could be considered only if this court had jurisdiction and, having found that it has not, is without power to pass upon the same.

For the reasons assigned, the exception of no cause of action and plea to the jurisdiction should be sustained.

Proper decree should be presented.