**GREEN v. J. A. JONES CONST. CO. et al.**

No. 11868.

Circuit Court of Appeals, Fifth Circuit.

April 30, 1947.

Rehearing Denied June 17, 1947.

Ross R. Barnett and P. Z. Jones, both of Jackson, Miss., for appellant.

Frank T. Williams and J. C. Satterfield, both of Jackson, Miss., and Harry L. Greene, of Atlanta, Ga., for appellees.

Before HUTCHESON, McCORD, and WALLER, Circuit Judges.

PER CURIAM.

Filed in the Circuit Court of Hinds County, Mississippi, and thence removed to the United States District Court, the suit was an original proceeding brought for the compensation due plaintiff under the Georgia Workmen's Compensation Act. Moving to dismiss for want of jurisdiction, the defendants urged: that the remedy afforded by the Georgia Workmen's Compensation Act was by an original proceeding before the Georgia State Board of Workmen's Compensation; that it was exclusive; and that neither the United States Court nor the Circuit Court of Hinds County, Mississippi, nor any other tribunal than the Georgia State Board had jurisdiction of it.

The district judge, of the opinion that the motion was well taken, entered his order dismissing the cause for want of jurisdiction. The plaintiff is here insisting that the ruling was error.

We do not think so. The Georgia decisions[1] settle it that the remedy for enforcement of the rights conferred by the Georgia Workmen's Compensation Act, Code 1933, is an exclusive one which can be afforded only by the State Board of Workmen's Compensation in a proceeding brought before it as the statute provides (Sec. 114-103). This being so, it is quite clear that the case is ruled by the principle that where the provision for the liability claimed is coupled with a provision for a special remedy to be afforded not by a court but by a commission, that remedy and that alone must be employed and resort to court action may not be had for relief.[2] Appellant's reliance on Floyd v. Vicksburg

---

[1] Grice v. United States Fidelity & Guaranty Co., 187 Ga. 259, 200 S.E. 700; Blue Bell Globe Mfg. Co. v. Baird, 64 Ga.App. 347, 13 S.E.2d 105; Echols v. Chattanooga Merc. Co., Ga.App., 38 S.E. 2d 675.

[2] Restatement of the Law, Conflict of Laws, Sec. 618, Comment (a); Elliott v. DeSoto Crude Oil Purchasing Corp., D. C., 20 F.Supp. 743; Franzen v. E. I. DuPont De Nemours & Co., 3 Cir., 146 F. 837; Logan v. Missouri Valley Bridge & Iron Co., 157 Ark. 528, 249 S.W. 21; Oren v. Swift & Co., 330 Mo. 869, 51 S.W. 2d 59.

Cooperage Co., 156 Miss. 567, 569, 126 So. 395, holding that a suit may be brought in Mississippi to enforce the Louisiana Workmen's Compensation Act will not do. "The Louisiana Compensation Law provides for its enforcement in the courts of that state" and "The liability created is enforceable in the courts of another state", United Dredging Co. v. Lindberg, 5 Cir., 18 F.2d 453, 454. The Georgia statute sought to be enforced here "commits the enforcement of its provisions to an administrative board, whereas the Louisiana statute is required to be administered by the courts", Id., 18 F.2d 454, 455.

The judgment of dismissal was right. It is affirmed.