61 So.2d 3

**MURPHY et al. v. LOUISVILLE & N. R. CO. et al.**

I Div. 503.

Supreme Court of Alabama.

June 30, 1952.

Rehearing Denied Nov. 6, 1952.

J. B. Blackburn, Bay Minette, and Johnston, McCall & Johnston, Mobile, for appellants.

Chason & Stone, Bay Minette, Steiner, Crum & Baker, Montgomery, and Smith, Hand, Arendall & Bedsole, Mobile, for appellees.

BROWN, Justice.

This is an action under the Homicide Act by Emmie Fair Murphy, the widow of Rexford E. Murphy, deceased, and the other dependents of said Rexford E. Murphy, deceased, against the Louisville & Nashville Railroad Company, a corporation, and Gray Roberts. Code of 1940, Tit. 7, § 123.

Rexford E. Murphy was killed in an accident arising out of and in the course of his employment by Harrison Brothers Dry Dock and Repair Yard, a partnership, and the individuals constituting the same. At the time of his death Murphy was engaged as a seaman in the operation of a motor launch towing a barge on the Mobile River. While engaged in pulling said barge with launch attached through a draw bridge operated and maintained by the Louisville & Nashville Railroad Company over the Mobile River, through the alleged negligence of the railroad bridge tender, Gray Roberts in failing to open the bridge sufficiently to permit the motor boat and barge to pass through, the launch overturned and sank. As a proximate consequence of such alleged negligence Murphy was thrown from said launch or barge and was drowned.

The plaintiffs rest their right to sue under the provisions of § 312, Title 26, Code of 1940, Pocket Part, as amended by the Act of 1947 (Acts of 1947, p. 484).

There is an absence of averment in the complaint that the workman, Murphy, and his employer were subject to the provisions of the Alabama Workmen's Compensation Act. To supply this defect in the com-

plaint, the pleader makes the following averments in substance common to each of its several counts:

Emmie Fair Murphy is the widow of Rexford E. Murphy and Rexford E. Murphy, Jr. and Marsha Murphy are the minor son and minor daughter of said Rexford E. Murphy, deceased, being three years and two years of age respectively. Plaintiffs are the total dependents of said Rexford E. Murphy, who came to his death on the 13th day of November, 1948, as the result of an accident arising out of and in the course of his employment by William Harrison, Jr., Frank D. Harrison, Joseph E. Harrison and Magdalene W. Harrison, and Marion C. Hyland, individually, and as partners doing business under the firm name and style of Harrison Brothers Dry Dock and Repair Yard; that compensation under the Workmen's Compensation Law of the State of Alabama not having been paid plaintiff for herself and minor children, but having been refused to them by said employers. the plaintiff, subsequent to the death of the said Rexford E. Murphy, and before the expiration of twelve months therefrom filed in the Circuit Court of Mobile County, Alabama, an action against the said employers of Rexford E. Murphy hereinabove named as defendants therein, said action being cause No. 6588 on the docket of the Circuit Court of Mobile County, Alabama, At Law, for the recovery of compensation for herself and minor children under the Workmen's Compensation Law of the State of Alabama; that said employers, as the defendants in said action, answered said complaint and denied that the plaintiff and her minor children were entitled to recover compensation under the Workmen's Compensation Law of the State of Alabama; that upon the trial of said cause the court on the 17th of October, 1949 entered a final judgment, awarding the plaintiffs compensation against the defendants under the Workmen's Compensation Law of the State of Alabama for. the death of the said Rexford E. Murphy and that the time has not expired for the defendants to apply for a writ of certiorari to the Supreme Court of the State of Alabama.

There is no averment in the complaint that the defendant, Louisville & Nashville Railroad Company, was a party to the proceedings.

■ The defendants demurred to each of the counts of the complaint on the ground, among others, that the counts failed to aver that the workman and his employer were subject to the Alabama Employers' Compensation Act. Code of 1940, Tit. 26, § 312, Pocket Part. Such averment is essential as a basis for the right of the plaintiffs to sue the railroad company under the Homicide Act. Code of 1940, Tit. 7, § 123. The court sustained the demurrer, in consequence of which the plaintiffs suffered a nonsuit and appealed as provided by § 819, Title 7, Code of 1940.

■ The contention of the appellants is that the averments set out above supply the basis for plaintiffs' right to sue under § 312, Title 26, Code of 1940, and that the determination by the Circuit Court of Mobile County of its jurisdiction to entertain the proceedings under the Workmen's Compensation Act is conclusive against all parties including the defendant, the Louisville & Nashville Railroad Company, who as stated above, was not a party to the proceedings. This contention cannot be sustained. That proceeding as to the defendants in the instant case is *res inter alios acta* and does not relieve the plaintiffs from averring that the workman and his employer were under the Alabama Workmen's Compensation Act. Fuller v. Whitlock, 99 Ala. 411, 13 So. 80; Randle v. Walker, 17 Ala.App. 211, 214, 84 So. 551; McGilvary v. Reynolds, 224 Ala. 435, 140 So. 417; Robinson v. Western Railway, 243 Ala. 278, 9 So.2d 885; American Mut. Liability Ins. So. v. Louisville & N. R. R. Co., 250 Ala. 354, 34 So.2d 474; Louisville & N. R. R. Co. v. American Mut. Liability Ins. Co., 254 Ala. 128, 47 So.2d 206.

■ The right of the workman and his dependents to maintain a suit against said employer is governed by the Maritime Act. 45 U.S.C.A. §§ 51–60. See also 46 U.S.C.A. pp. 211–232, Commentary on Maritime Workers and The Jones Act.

Where the court is without jurisdiction of the res—the subject matter—and has no jurisdiction of the person, it is without jurisdiction as a matter of law and its finding is not *res judicata*. Carter v. Mitchell, 225 Ala. 287, 142 So. 514; Kalb v. Feuerstein, 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370; Griffin v. Bozeman, 234 Ala. 136, 173 So. 857; Brooks v. City of Birmingham, 239 Ala. 172, 194 So. 525.

We are, therefore, of opinion that the court did not err in sustaining the demurrer to the several counts of the complaint.

Affirmed.

LIVINGSTON, C. J., and LAWSON, and STAKELY, JJ., concur.