Thomas J. CRIDER, Plaintiff,

v.

ZURICH INSURANCE COMPANY, a corporation, Defendant.

Civ. A. No. 63–119.

United States District Court
N. D. Alabama, S. D.

May 16, 1963.

Max C. Pope, of Levine, Fulford & Gwaltney, and J. Terry Huffstutler, Birmingham, Ala., for plaintiff.

Foster Etheredge, of Spain, Gillon & Young, Birmingham, Ala., for defendant.

GROOMS, District Judge.

This matter came on for hearing at this time upon the plaintiff's motion for summary judgment and upon the defendant's motion to dismiss.

From the proceedings herein, the following facts appear to be undisputed:

Plaintiff, Thomas J. Crider, while an employee of Lawler Construction Company, Inc., a Georgia corporation, was injured on the 11th day of July, 1956, in DeKalb County, Alabama. Both Crider and Lawler were under and subject to the Workmen's Compensation Act of Georgia, Code, § 114–101 et seq., at the time the former was injured. Crider instituted a suit against Lawler in the Circuit Court of DeKalb County, Alabama, seeking recovery under three counts, the first count being under the Alabama Compensation law, Code of Ala., Tit. 26, § 253 et seq., and Counts Two and Three being under the common law.

On February 11, 1959, Crider amended his complaint striking all of the original counts and his demand for a jury trial, and added Count A under the Georgia Compensation law. On the following day judgment by default was entered against Lawler for the sum of $10,500, together with costs.

The defendant herein, Zurich Insurance Company, a corporation, was the Workman's Compensation insurer of Lawler. It claims that the Circuit Court of DeKalb County, Alabama, was without jurisdiction of the subject matter, and that this action cannot be maintained

88

against Zurich who is in privity with Lawler, and that the judgment is void.

 The Court has heard oral argument, has considered the briefs and reviewed the authorities, and is of the opinion that the defendant's contention is well taken.

In Green v. J. A. Jones Const. Co., 161 F.2d 359, the Court of Appeals for the Fifth Circuit, held that the Circuit Court of Hinds County, Mississippi, and the United States District Court for the Southern District of Mississippi did not have jurisdiction to award damages under the Georgia Workmen's Compensation Act in an original proceeding filed in the former court and removed to the United States District Court. The Court ruled that the Georgia decisions

> "settle it that the remedy for enforcement of the rights conferred by the Georgia Workmen's Compensation Act, Code 1933, is an exclusive one which can be afforded only by the State Board of Workmen's Compensation in a proceeding brought before it as the statute provides (Sec. 114–103)."

A different situation would be presented if the Georgia Compensation Act vested in the Georgia courts the power to entertain an original suit for workmen's compensation. To permit this original action in the courts of Alabama is to allow an original proceeding in such courts where the same is denied to the courts of Georgia.

 Since the DeKalb County Circuit Court did not have jurisdiction of the subject matter, the issue of jurisdiction is open to inquiry and where, as here, the record discloses a lack of jurisdiction, the judgment is void. City of Birmingham v. Reed, 35 Ala.App. 31, 44 So.2d 607; Murphy v. Louisville & N. R. Co., 258 Ala. 138, 61 So.2d 3; Crump v. Knight, 256 Ala. 601, 56 So.2d 625; Freeman v. McBroom, 11 Ala. 943.

 A party or his privies may assail such a judgment. Fife v. Pioneer Lumber Co., 237 Ala. 92, 185 So. 759; Cobbs v. Norville, 227 Ala. 621, 151 So. 576.

The Court is, thereof, of the opinion that the defendant's motion to dismiss is due to be granted.

It is, therefore, ordered, adjudged and decreed that the defendant's motion to dismiss be and the same is hereby granted, and this action be and the same is hereby dismissed at the costs of the plaintiff.