CRIDER *v.* ZURICH INSURANCE CO.

No. 116.   Argued January 19, 1965.—Decided March 1, 1965.

*Max C. Pope, pro hac vice,* by special leave of Court, argued the cause for petitioner.   With him on the brief was *J. Terry Huffstutler.*

*Foster Etheredge* argued the cause and filed a brief for respondent.

MR. JUSTICE DOUGLAS delivered the opinion of the Court.

Petitioner, a resident of Alabama and employed there by Lawler Construction Co., Inc., a Georgia corporation, was injured.   Both he and Lawler were under Georgia's Workmen's Compensation Act at the time.   Petitioner sued in an Alabama court under the Georgia Act and obtained a judgment by default against Lawler.   Respondent, the insurer of Lawler, was sued in the Federal Dis-

trict Court by petitioner on his Alabama judgment, federal jurisdiction being based on diversity of citizenship. The District Court granted respondent's motion to dismiss (224 F. Supp. 87) and the Court of Appeals affirmed. 324 F. 2d 499. The case is here on a writ of certiorari. 377 U. S. 942.

The District Court and the Court of Appeals stood on *Green* v. *J. A. Jones Construct. Co.*, 161 F. 2d 359, which held that a Mississippi state court had no jurisdiction to award damages under the Georgia Workmen's Compensation Act and that the Federal District Court for Mississippi was under the same disability, Georgia decisions settling the point that the remedy provided by the Georgia Act is "an exclusive one which can be afforded only" by the Georgia Compensation Board. *Ibid.*

We assume that the lower courts were correct in stating what the Georgia law is. But the mere fact that petitioner, if he had sued in Georgia, would have had to follow that course does not necessarily mean that the Alabama state court was in error in taking jurisdiction of the cause.

The Alabama state court dealt with an injury occurring to an Alabama resident while working in Alabama. Under *Bradford Electric Co.* v. *Clapper,* 286 U. S. 145, a State could fix one exclusive remedy for personal injuries involving its residents wherever the accident happened and the Full Faith and Credit Clause (Art. IV, § 1) required the other States to refuse to enforce any inconsistent remedy. That case would have been on all fours with the present one had petitioner been a resident of Georgia, rather than Alabama. *Alaska Packers Assn.* v. *Commission,* 294 U. S. 532, and *Pacific Employers Ins. Co.* v. *Commission,* 306 U. S. 493, mark a break with the *Clapper* philosophy. *Alaska Packers* allowed the State of residence of the injured employee to supply a remedy different from the Compensation Act of the place of the injury, even though the employee had agreed to be

bound by the latter remedy. *Pacific Insurance* held that a person injured while working in California could recover under California's Compensation Act even though the injured person was a Massachusetts resident, regularly employed there by a Massachusetts corporation and even though the Massachusetts Compensation Act purported to give an exclusive remedy. In *Carroll* v. *Lanza,* 349 U. S. 408, Arkansas, the place where the injury occurred, was allowed to grant common-law damages even though Missouri, the home State, had a Compensation Act that purported to be exclusive. As we stated in that case:

> "Missouri can make her Compensation Act exclusive, if she chooses, and enforce it as she pleases within her borders. Once that policy is extended into other States, different considerations come into play. Arkansas can adopt Missouri's policy if she likes. Or, as the *Pacific Employers Insurance Co.* case teaches, she may supplement it or displace it with another, insofar as remedies for acts occurring within her boundaries are concerned. Were it otherwise, the State where the injury occurred would be powerless to provide any remedies or safeguards to nonresident employees working within its borders. We do not think the Full Faith and Credit Clause demands that subserviency from the State of the injury." *Id.,* pp. 413–414.

The State where the employee lives and where he was injured has a large and considerable interest in the event. As we said in *Carroll* v. *Lanza, supra,* p. 413, "The State where the tort occurs certainly has a concern in the problems following in the wake of the injury. The problems of medical care and of possible dependents are among these . . . ." The State where the employee lives has perhaps even a larger concern, for it is there that he is expected to return; and it is on his community that the impact of the injury is apt to be most keenly felt. Cer-

tainly when the injury occurs in the home State of the employee, the interest of that State is at least commensurate with the interest of the State in which an injury occurs involving a nonresident, as in *Carroll* v. *Lanza.* If Arkansas had a sufficient interest there to override Missouri's exclusive remedy, Alabama may override Georgia's here.

The Alabama policy in that regard is reflected in the judgment rendered by the Alabama court on which this federal suit was instituted. That Alabama judgment adopted and enforced the remedy provided by Georgia—a procedure we indicated in *Pacific Employers Ins. Co.* v. *Commission, supra,* p. 500, a State might follow. Here as in *Alaska Packers Assn.* v. *Commission, supra,* p. 544, ". . . the compensation acts of either jurisdiction may, consistently with due process, be applied in either . . . ." We were consistent with that view in *Carroll* v. *Lanza, supra,* when we said, in what we have already quoted, that the State of the forum may "supplement" or "displace" the remedy of the other State, consistently with constitutional requirements. 349 U. S., p. 414.

It is earnestly argued by the dissent that the *Green* decision, *supra,* which the Court of Appeals followed in the present case, "did not rest on constitutional grounds," *post,* p. 46. Rather it is said that *Green* expresses merely a state conflicts rule.* We do not so read *Green.* There the court said that its decision was controlled by

---

*We stated in *Wells* v. *Simonds Abrasive Co.,* 345 U. S. 514, 516:

"The states are free to adopt such rules of conflict of laws as they choose, *Kryger* v. *Wilson,* 242 U. S. 171 (1916), subject to the Full Faith and Credit Clause and other constitutional restrictions. The Full Faith and Credit Clause does not compel a state to adopt any particular set of rules of conflict of laws; it merely sets certain minimum requirements which each state must observe when asked to apply the law of a sister state."

the principle that "where the provision for the liability claimed is coupled with a provision for a special remedy to be afforded not by a court but by a commission, that remedy and that alone must be employed . . . ." 161 F. 2d 359. This principle is almost a verbatim restatement of the rule adverted to in *Tennessee Coal Co.* v. *George,* 233 U. S. 354, 359: " 'where the provision for the liability is coupled with a provision for a special remedy, that remedy, and that alone, must be employed.' " And our older cases assumed that this broad rule was compelled by the Full Faith and Credit Clause. See, *e. g., ibid.,* and cases cited; *Atchison, T. & S. F. R. Co.* v. *Sowers,* 213 U. S. 55; and also the discussion in *Pearson* v. *Northeast Airlines, Inc.,* 309 F. 2d 553. But, as we have demonstrated, that rule has been eroded by the line of cases beginning with *Alaska Packers* and *Pacific Insurance.* Our holding frees the Court of Appeals on remand to reconsider its holding free from any supposed constitutional compulsion.

*Reversed.*

MR. JUSTICE GOLDBERG, with whom MR. JUSTICE HARLAN and MR. JUSTICE STEWART join, dissenting.

The resolution of the issue before the Court in this case necessitates setting out the history of this litigation in more detail than does the Court. Petitioner originally brought his action against the employer in an Alabama court in a three-count complaint, the first count relying on Alabama's Workmen's Compensation Act and the other two on Alabama common law. He then voluntarily dismissed these counts and reinstituted the action in the Alabama court with sole and express reliance on the Georgia Workmen's Compensation Act. A default judgment was then entered in petitioner's favor on the basis of this new complaint. No appeal was taken from this default judgment.

Petitioner then filed a complaint in an Alabama court against respondent, the employer's insurance company, to enforce the previously obtained default judgment. Respondent asserted in defense that, since the Georgia Act upon which the action was based provides for primary jurisdiction in an administrative board and precludes original court jurisdiction, the Alabama court lacked subject matter jurisdiction to enter the default judgment. The default judgment, therefore, respondent contended, was void and could be collaterally attacked in the enforcement proceeding. Petitioner's demurrer to this defense was overruled by the Alabama court. Following this, petitioner voluntarily dismissed the action in the Alabama court and the next day filed the diversity suit here before us, identical to the previous Alabama action. Respondent again asserted the defense of lack of subject matter jurisdiction to enter the default judgment. Based on this defense, and after the submission of briefs and oral argument, Judge Grooms dismissed the complaint. In holding that there had not been subject matter jurisdiction to enter the default judgment, Judge Grooms relied on *Green* v. *J. A. Jones Construct. Co.,* 161 F. 2d 359, a decision of the Fifth Circuit. 224 F. Supp. 87, 88. He then went on to hold, relying on Alabama cases, that since there had been no subject matter jurisdiction in the original action, the default judgment was, under Alabama law, subject to collateral attack. The Court of Appeals affirmed *per curiam* on the basis of its prior decision in *Green* v. *J. A. Jones Construct. Co., supra.* 324 F. 2d 499.

This case does not present the issue of whether Alabama could have applied its own compensation act or its own common law. Respondent concedes that, on the facts of this case,[1] it could have applied either and our

---

[1] As the Court points out, *ante,* at 39, 40, petitioner was an Alabama resident, and was injured while working in Alabama.

decisions plainly so hold. See *Pacific Employers Ins. Co. v. Commission,* 306 U. S. 493; *Carroll* v. *Lanza,* 349 U. S. 408. But, as I have already noted, petitioner, who originally sued under both Alabama's Workmen's Compensation Act and common law, dismissed those counts and based his action solely on the Georgia Workmen's Compensation Act. The federal issue raised by respondent is whether, consistently with the Full Faith and Credit Clause, a State may enforce in its courts the liability claims created by another State in violation of that other State's fixed policy to have those claims enforced only by an administrative board. There is no decision of this Court which settles this federal issue and, in my view, the question is not free from difficulty. See *Tennessee Coal Co.* v. *George,* 233 U. S. 354, 359, and cases there cited; but cf. *Pearson* v. *Northeast Airlines, Inc.,* 309 F. 2d 553 (C. A. 2d Cir.); *Kilberg* v. *Northeast Airlines, Inc.,* 9 N. Y. 2d 34, 172 N. E. 2d 526.

On the record here presented it seems clear to me that the Court should not reach this constitutional question. In the case before us, if Alabama's own law independently forbids the piecemeal borrowing of Georgia statutes and denies to the Alabama courts jurisdiction to entertain petitioner's suit on the Georgia statute, the question of whether the Federal Constitution forbids such piecemeal borrowing need not be reached. The Court recognizes, *ante,* at 42–43, that this issue is in the case, but bypasses this threshold state law issue and reaches the ultimate federal constitutional problem. In so doing, the Court disregards the long-settled rule that this Court will not pass upon federal constitutional questions if there are state law grounds presented upon which the case may be disposed of. See *Siler* v. *Louisville & Nashville R. Co.,* 213 U. S. 175; *Ashwander* v. *Valley Authority,* 297 U. S. 288, 347 (Brandeis, J., concurring), and cases there cited.

The sole basis for the Court's inversion of this long-settled rule of reaching state law issues before constitutional ones, is that it reads the decisions below as based upon "supposed constitutional compulsion," *ante,* at 43, and not upon independent state law. I believe that the lower courts did rest their decisions upon independent state law and that they determined that the default judgment was void under Alabama law.

The opinion of Judge Grooms, an experienced Alabama lawyer, makes it clear that he relied upon Alabama law in deciding that the original default judgment could be collaterally attacked.[2] The Court apparently does not dispute this. It, however, reads the opinions below as relying upon federal and not upon independent state law for the determination that the Alabama court was without subject matter jurisdiction to enter the default judgment. In reaching this conclusion, the Court relies upon the fact that both Judge Grooms and the Court of Appeals cited as controlling the Fifth Circuit's prior decision in *Green* v. *J. A. Jones Construct. Co., supra. Ante,* at 40. The Court then reads *Green* as resting upon full faith and credit compulsion. A careful reading of *Green,* however, discloses that it did not rest on constitutional grounds.

The Court of Appeals in *Green* had affirmed the dismissal by the United States District Court in Mississippi of a diversity action based upon the same Georgia statute

---

[2] Judge Grooms stated, 224 F. Supp., at 88:

"Since the DeKalb County Circuit Court did not have jurisdiction of the subject matter, the issue of jurisdiction is open to inquiry and where, as here, the record discloses a lack of jurisdiction, the judgment is void. City of Birmingham v. Reed, 35 Ala. App. 31, 44 So. 2d 607; Murphy v. Louisville & N. R. Co., 258 Ala. 138, 61 So. 2d 3; Crump v. Knight, 256 Ala. 601, 56 So. 2d 625; Freeman v. McBroom, 11 Ala. 943.

"A party or his privies may assail such a judgment. Fife v. Pioneer Lumber Co., 237 Ala. 92, 185 So. 759; Cobbs v. Norville, 227 Ala. 621, 151 So. 576."

which is involved in this case. The *Green* court stated its conclusion that "it is quite clear that the case is ruled by the principle that where the provision for the liability claimed is coupled with a provision for a special remedy to be afforded not by a court but by a commission, that remedy and that alone must be employed and resort to court action may not be had for relief." *Id.*, at 359. As authority for this "principle" the court cited the Restatement of the Law, Conflict of Laws, § 618, Comment *a*, an Arkansas and a Missouri case, both resting on state law, and two federal court diversity cases, clearly applying state law.[3]

While the language of this general principle stated by the *Green* court is similar to that of *Tennessee Coal Co. v. George, supra,* at 359, quoted in the Court's opinion, *ante,* at 43, there is no indication whatsoever that this general state law principle was conceived to be based on federal compulsion emanating from the dictum in the *George* case. Nowhere in the *Green* opinion is there any mention of the Full Faith and Credit Clause, the *George* case, or, indeed, any federal law. Moreover, the authorities cited by the *Green* court for this general principle similarly do not rest on any concept of federal compulsion. The Restatement's position is not conceived to be based on full faith and credit grounds.[4] Neither of the federal court cases cited has any reference at all to any federal law, including the *George* case. The same is true of the Missouri case cited, and the Arkansas case cited only

---

[3] The cases cited at 359, n. 2, were: *Elliott* v. *De Soto Crude Oil Purchasing Corp.,* 20 F. Supp. 743; *Franzen* v. *E. I. Du Pont De Nemours & Co.,* 146 F. 2d 837; *Logan* v. *Missouri Valley Bridge & Iron Co.,* 157 Ark. 528, 249 S. W. 21; and *Oren* v. *Swift & Co.,* 330 Mo. 869, 51 S. W. 2d 59.

[4] This is clear when § 618, Comment *a*, is read in conjunction with §§ 1, 2, and 5 and the Comments thereto. In this regard, §§ 117l and 117m of Restatement Second, Conflict of Laws, Tentative Draft No. 4 (1957), should also be compared.

refs to the *George* case for a different point in the *George* case. Finally, the text writers are in accord with these authorities in not basing the general state law principle on the Full Faith and Credit Clause.[5]

The *Green* case is not a case like those in which the opinion as a whole "leaves the impression that the court probably felt constrained to rule as it did because of [decisions of this Court]," *Minnesota* v. *National Tea Co.,* 309 U. S. 551, 554–555, or "because it felt under compulsion of federal law as enunciated by this Court so to hold," *Missouri* v. *Mayfield,* 340 U. S. 1, 5. See *Jankovich* v. *Indiana Toll Road Comm'n,* 379 U. S. 487, 492.

Thus the *Green* court clearly seems to have decided the case not on full faith and credit principles, but on the assumption that Mississippi law was in accord with the general independent state law rule.[6] When Judge Grooms and the Court of Appeals in the instant case, referred to *Green,* they were not therefore, referring to it as stating constitutional compulsion, but as stating the general state law rule to which both Mississippi and Alabama adhere. Again, as in *Green* there is nothing in either opinion below that might be taken as even a remote reference to the Full Faith and Credit Clause or any other federal rule or authority. I would not presume that the lower federal courts, particularly in a diversity case, would, in light of the settled decisions of this Court, decide a case by determining constitutional issues without first deciding threshold issues of state law. See *Alma Motor*

---

[5] See 2 Larson, Workmen's Compensation Law 356 (1961); Goodrich, Conflict of Laws 189 (1964); Ehrenzweig, Conflict of Laws 145, nn. 23, 32 (1962).

[6] In addition to the cases cited in note 2, *supra,* and *Singleton* v. *Hope Engineering Co.,* 223 Ala. 538, 137 So. 441, discussed *infra,* see *Mosely* v. *Empire Gas & Fuel Co.,* 313 Mo. 225, 281 S. W. 762; *Davis* v. *Swift & Co.,* 175 Tenn. 210, 133 S. W. 2d 483; *Grenier* v. *Alta Crest Farms, Inc.,* 115 Vt. 324, 58 A. 2d 884.

*Co.* v. *Timken Co.,* 329 U. S. 129, 136–137. It seems clear to me, therefore, that the dismissal of petitioner's action was based on independent state law and not on federal grounds.

Even if I am wrong on this point, however, and the Court is correct in assuming that the lower courts here did not rule on the question of independent state law, this would not justify the Court's ignoring the fact that the decision below is clearly supported by independent state law and, as a consequence, the constitutional issue should not be reached and decided. Cf. *Neese* v. *Southern R. Co.,* 350 U. S. 77.

In *Singleton* v. *Hope Engineering Co.,* 223 Ala. 538, 540, 137 So. 441, 442–443, the Alabama Supreme Court held that the Alabama courts do not have subject matter jurisdiction to enforce the identical Georgia Workmen's Compensation Act here in issue, on the grounds that the enforcement of the Georgia Act is vested exclusively in the Georgia Workmen's Compensation Commission. In reaching this conclusion of state law the Alabama Supreme Court did not cite the Full Faith and Credit Clause, *Tennessee Coal Co.* v. *George, supra,* or indeed any federal authority whatsoever. While *Singleton* arose on direct appeal, this fact is not significant. In the instant case, Judge Grooms expressly held that where the court that entered the default judgment lacked subject matter jurisdiction of the controversy, Alabama law permits collateral attack on the validity of the default judgment.[7] As noted above, *Singleton* is in accord with the general state rule on this point and there is no claim that its vitality as a precedent has been impaired in any

---

[7] See note 2, *supra.* It should be noted that the cases cited by Judge Grooms all concerned situations where the lack of subject matter jurisdiction was a matter of state law similar to the *Singleton* situation.

way.[8]  Finally, while it is true that the Alabama enforcement action was dismissed without prejudice, the Alabama court in that case, in overruling the demurrer to this asserted defense, necessarily held that under Alabama law the default judgment was subject to collateral attack as it was entered by a court that lacked subject matter jurisdiction of the controversy.  For these reasons I believe the decision below is clearly supported by independent Alabama law.

Certiorari was granted in this case on the assumption that it necessitated deciding the constitutional issue involving the Full Faith and Credit Clause.  Since, in my view, it is unnecessary and improper to reach that issue in this case, I would dismiss the writ as improvidently granted.

But even if my analysis of the decisions below is erroneous and the Alabama law is not as clear as I conceive it to be, I would still not agree that it is appropriate to determine the ultimate constitutional issue.  There is no doubt, as even the Court recognizes, that there exists here at least a lurking question of independent state law. Under such circumstances, the least that should be done is to vacate the judgment below and remand the case to the District Court for clarification of its opinion as to the status of Alabama law.  Cf. *Alma Motor Co.* v. *Timken Co., supra.*

For these reasons, I respectfully dissent from the Court's disposition of this case.

---

[8] It is significant in this regard that the tentative draft of the Second Restatement of the Law of Conflict of Laws reaffirms this general rule.  See Restatement Second, Conflict of Laws, Tentative Draft No. 4, § 117m (1957).