MANN, District Court Judge
(dissenting)-
If the choice-of-law question were before us I would agree with Mr. Justice Adkins that Georgia’s workmen’s compensation law governs. But it is the jurisdictional question we must determine. In the former instance we must determine which state has the dominant contact with the factual situation; in the latter instance, we must determine whether Florida has a sufficient contact to warrant assuming jurisdiction.
This is by no means exclusively a matter in which Georgia is interested. The Forest Products Self-Insurers Fund was organized in Florida and the Board of Trustees of the Fund were all Florida domiciliaries. Wainwright, Inc. entered into a contract in Starke, Florida with the Hercules Powder Company for the production and delivery of stumpage to the Hercules plant in Georgia. ,Employer Wainwright purchased three trailers in Starke, Florida, for the production of the stumpage, and claimant accompanied him to Florida for the purchase. The claimant was sent in a pickup truck owned by Wainwright, Inc. to Jacksonville, Florida, to purchase a steam jenny to clean and repair Wainwright’s equipment. Corporate Group Services, an Orlando, Florida corporation, serviced the account with Wainwright, Inc., and actually paid Dan Wainwright benefits computed *159 according to Georgia compensation law, but utilizing Florida compensation forms because Georgia did not have such forms.
The indemnity agreement creating the Forest Products Self-Insurers Fund specified that it was the purpose of the fund to afford the protection of the Florida workmen’s compensation and employers liability act to their employees, and the agreement specified that the Fund would pay any lawful award entered by the Florida Industrial Commission and that payment would be made when due under the laws of Florida. The application of Wainwright, Inc., was accepted by the Florida fund, even though it was specified in the application that the place of work of the employer was Na-hunta, Georgia. The Florida fund accepted premiums from Wainwright and the fund paid administrative and second injury fund assessments to the Florida Industrial Commission on premiums received from Wainwright, Inc.
When payments to Dan Wainwright were terminated, the attorney for the fund servicing agent, Corporate Group Service, Inc., informed the Georgia Board, to which Wainwright had turned for benefits, that Florida law governed and that the Georgia Board had no jurisdiction over the matter. Subsequently, the Florida Industrial Commission was also told it had no jurisdiction over the matter.
If the question were initially presented to the Florida Court of Industrial Claims the judge thereof would be justified in declining jurisdiction, not for lack of state power over the matter, but because Georgia’s law governs the liability and amount of recovery. But here the carrier by its own action represented to the Georgia tribunal that the matter was governed by Florida law, and when claim was made in Florida denied that this state has jurisdiction.
It is commonly stated by the writers on conflict of laws that workmen’s compensation proceedings, being administrative in nature, cannot be entertained except in the state whose law governs the choice-of-law question.[1]
While this may be true with respect to the administration of claims it is unworkable in the adjudication of claims like this one in which the carrier has defeated recovery in the state primarily interested by asserting coverage in Florida. Although Crider v. Zurich Insurance Co., 1965, 380 U.S. 39, 85 S.Ct. 769, 13 L.Ed.2d 641, relieves us of compulsion under the full faith and credit clause I think this a case in which the Judge of Industrial Claims in Florida can and should assume jurisdiction. Our Judges of Industrial Claims are required by law to be members of the Bar. They are experienced and thoroughly competent to decide matters of this nature and they do so at least quasi-judicially. Consequently I cannot approve any automatic rejection of their jurisdiction in a case like this in which Florida has a definite and substantial interest. That this court has so held previously is made apparent by Mr. Chief Justice Ervin’s dissent, with which I concur.
ERVIN, C. J., and CARLTON, J., concur.

. “Relief under a workmen’s compensation act can only be obtained, subject to rare exceptions, in the state of its enactment. This is because the acts normally provide for their enforcement by special administrative tribunals and such tribunals do not consider themselves competent to give relief under any act but their own. Hence the principal problem in the area is not choice of law but rather the range of extraterritorial application that will be given by a state to its own workmen’s compensation act. Many of the acts provide expressly for their extraterritorial application. In the absence of explicit provision on the point, the courts (and administrative tribunals) determine the range of application of their act in the light of what they conceive to be the act’s principal objectives.” Cheatham, Gris-wold, Reese and Rosenberg, Conflict of Laws, Cases and Materials, (1964) at 512. See also Leflar, American Conflicts Law 389-396 (1968) ; Ehrenzweig, Conflict of Laws 604-605 (1962).