**Lillie SMITH, on behalf of her minor child, Glynda Fay Smith**

v.

**CONTINENTAL NATIONAL AMERICAN GROUP.**

**Civ. A. No. 69–702.**

United States District Court, E. D. Louisiana, New Orleans Division.

Feb. 4, 1971.

Orlando G. Bendana, New Orleans, La., for plaintiff.

Frederick R. Bott, Deutsch, Kerrigan & Stiles, New Orleans, La., for defendant.

HEEBE, District Judge:

Plaintiff, Lillie Smith, a Louisiana resident, brings this action for workmen's compensation benefits on behalf of her daughter, a minor, against defendant Continental National American Group, for injuries received in Wisconsin by her daughter during the course of her daughter's employment by Martin's Orchards, Inc., a Wisconsin corporation. The defendant carries Martin's compensation insurance.

On a previous day the parties in this matter brought on the following motions for hearing:

1) Motion by the plaintiff Lillie Smith for summary judgment on the jurisdictional issues;

2) Motion by the defendant Continental for summary judgment on the following issues:

a) This Court has no jurisdiction over the subject matter;

b) This Court has no personal jurisdiction over the defendant;

c) The complaint fails to state a cause of action against the defendant.

Since we believe the complaint fails to state a cause of action against the defendant, we decide only that issue and do not reach the merits of the other motions.

Defendant argues that assuming this Court does have personal and subject matter jurisdiction, the Court would still be unable to grant the plaintiff relief against this defendant. The defendant is being sued solely as the workmen's compensation insurer of plaintiff's employer, Martin's Orchards. The policy, introduced by defendant, only insures Martin's Orchards against any liability it may incur under Wisconsin's Workmen's Compensation Law. Hence, the defendant would not be liable to plaintiff for any compensation benefits plaintiff is due, if any, under Louisiana law.

While defendant may be liable to the plaintiff under the policy for benefits under the Wisconsin law, a question we do not consider here, this Court lacks jurisdiction to enforce Wisconsin's workmen's compensation laws.

Wisconsin's Workmen's Compensation Law, 16 Wis.Stat.Anno. § 102, contemplates that its benefits will be administered by a special administrative tribunal, 16 Wis.Stat.Anno. § 102.14. Louisiana has long held that its courts cannot entertain actions for benefits under the workmen's compensation laws of sister states where those states contemplate that the workmen's compensation benefits will be administered exclusively by an administrative agency. Woodham v. Travelers Insurance Co., 161 So.2d 368 (La.App.1964). *See,* 2 Larson, Workmen's Compensation Law § 84.20. A federal court, sitting in diversity, must follow this state rule for the Constitution does not compel any forum to administer the workmen's compensation remedies of another state. Crider v. Zurich Insurance Co., 348 F.2d 211 (5th Cir. 1965). *Cf.,* Crider v. Zurich Insurance Co., 380 U.S. 39, 85 S.Ct. 769, 13 L.Ed.2d 641 (1965); Hughes v. Fetter, 341 U.S. 609, 71 S.Ct. 980, 95 L.Ed. 1212 (1951). Since defendant is not liable to plaintiff for Louisiana benefits under the insurance policy and since this Court has no jurisdiction to administer Wisconsin law, plaintiff has failed to state a cause of action for which this Court can grant relief. Accordingly,

It is the order of the Court that plaintiff's motion for summary judgment on jurisdiction, be, and the same is hereby, denied.

It is further ordered that defendant's motion for summary judgment insofar as the complaint fails to state a cause of action against it, be, and the same is hereby, granted.